IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

BILLIE JOE CHAPMAN, Poverty
because of wrongful conduct by
defendant;

                    Plaintiff,

          vs.

RYAN TEMPLETON, and OMAHA
POLICE DEPARTMENT, 505 S. 15th
Street, Omaha, NE 68102 and criminal
prosecution against the above;

                    Defendants.

4:18CV3025

MEMORANDUM
AND ORDER

This matter is before the court on Plaintiff's Motion for Leave to Proceed In Forma Pauperis ("IFP"). (Filing No. 2.) As stated in the Prison Litigation Reform Act ("PLRA"), a prisoner cannot "bring a civil action . . . or proceeding [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. §1915(g).

Even though Plaintiff is currently confined in the Lincoln Regional Center ("LRC") and not a jail or a prison, he is nonetheless a "prisoner" within the meaning of the PLRA as he is a "person . . . detained in any facility who is accused of . . . violations of criminal law." 28 U.S.C. § 1915(h); *see Gibson v. City Municipality of New York*, 692 F.3d 198, 199 (2d Cir. 2012) (concluding that "a person who has been charged with a crime and is being held prior to trial under a temporary order of observation at a mental health institution . . . is a 'prisoner'

within the meaning of the [PLRA]"). Plaintiff's state case records,[1] available to this court on-line, show that Plaintiff has been declared incompetent to stand trial by the District Court of Douglas County, Nebraska, and was committed to the LRC for restoration of competency pursuant to Neb. Rev. Stat. § 29-1823. The court takes judicial notice of the state court records and the records of this court in 8:17CV425, 8:17CV460, 8:17CV465, 8:17CV317, 8:17CV399, 4:18CV3002, and 4:18CV3010, all of which involve some type of challenge to the state court's incompetency finding. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records).

This court has previously determined that three or more federal court cases brought by Plaintiff, while a prisoner, were dismissed as frivolous or for failure to state a claim. *See Chapman v. Chief Executive Officer*, Case No. 8:15CV259 (D.Neb.) (Filing No. 9, August 19, 2015 Memorandum and Order dismissing action pursuant to PLRA's "three strikes" provision).

In light of the foregoing, the court will give Plaintiff 30 days in which to show cause for why this case should not be dismissed pursuant to the provisions of 28 U.S.C. 1915(g). In the alternative, Plaintiff may pay the full $400.00 filing and administrative fees. In the absence of good cause shown, or the payment of the necessary fees, this action will be dismissed.

IT IS THEREFORE ORDERED:

1.      Plaintiff has 30 days to either show cause for why this case should not be dismissed pursuant to 28 U.S.C. § 1915(g) or pay the court's $400.00 filing and administrative fees.

---

[1] *State v. Chapman*, No. CR17-729, Douglas County, Nebraska District Court.

2.      The clerk's office is directed to set a pro se case management deadline in this matter with the following text: **March 29, 2018**: deadline for Plaintiff to show cause or pay fees.

Dated this 27th day of February, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge